Zieba v 345 Main St. Assoc. (2019 NY Slip Op 02637)





Zieba v 345 Main St. Assoc.


2019 NY Slip Op 02637


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8914 158999/13 8913

[*1]Jerzy Zieba, Plaintiff-Respondent,
v
345 Main Street Associates, Defendant, 345 Main Street Associates LLC, et al., Defendants-Appellants, National Retail Construction Group, LLC, Defendant-Respondent. 
[And Third-Party Actions]


Law Offices of Michael E. Pressman, New York (Stuart B. Cholewa of counsel), for appellants.
Block O'Toole & Murphy, New York (Christina R. Mercado of counsel), for Jerzy Zieba, respondent.
Favata & Wallace LLP, Garden City (William G. Wallace of counsel), for National Retail Construction Group, LLC, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 19, 2018, which, to the extent appealed from as limited by the briefs and as further limited by certain stipulations filed by the parties, denied defendant 345 Main Street Associates, LLC (345 Main), and defendants PB 1012, LLC, and WJ Partners, LLC's (together Pure Barre) motion for summary judgment on their indemnification claims against defendant National Retail Construction Group, LLC (National Retail), unanimously modified, on the law, to grant summary judgment to Pure Barre on its contractual indemnification claim against National Retail, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered October 4, 2018, unanimously dismissed, without costs, as academic.
Pure Barre (lessee of the premises) is entitled to summary judgment on its claim against National Retail for indemnification under the construction contract, because plaintiff's injury was not caused solely by any negligence on its part. However, 345 Main (the owner of the premises) is not entitled to summary judgment on the contractual indemnification claim, because it is not a signatory to or an indemnitee under the contract, which identifies an affiliate of Pure Barre as the owner. In addition, 345 Main is not entitled to summary judgment on its claim against National Retail for common-law indemnification because, on this record, an issue of fact exists as to [*2]whether National Retail was negligent.
We have considered the remaining contentions for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK